# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 2:04-cr-00088 |
| | ) | |
| THEODORE BROWN | ) | Judge Mark R. Hornak |
| | ) | |

## OPINION

**Mark R. Hornak, United States District Judge**

Mr. Brown was sentenced on September 1, 2005 to a 130-month term of imprisonment. The term consisted of 70-month concurrent terms of imprisonment at Count One for possession with intent to distribute a mixture with a cocaine base (commonly known as "crack"), 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and at Count Two for possessing a firearm as a felon, 18 U.S.C. § 922(g). The sentence also included a consecutive 60-month sentence at Count Three for carrying a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c). Mr. Brown asks this Court to reduce his concurrent 70-month sentences at Counts One and Two to 46 months, resulting in a total incarceration of 106 months, due to changes made by the Fair Sentencing Act of 2010 ("FSA") to the federal criminal statutes and Sentencing Guidelines governing the possession and distribution of crack cocaine. The Court held oral argument on Defendant's Motion for Reduction of Sentence, ECF No. 43, and has considered the parties' multiple rounds of customary and supplemental briefing, as requested by the Court, *see* ECF Nos. 43, 44, 45, 48, 49, 50, 51, 52, 53. In addition, the Court has given full weight to a series of prior and intervening decisions of our Court of Appeals bearing on the matter. For the reasons that follow, Defendant's motion will be granted in part and denied in part. The Court concludes that it has

the authority to reduce Defendant's concurrent sentences at Counts 1 and 2 from 70 to 60 months (and only that authority), and it will direct the parties to file memoranda relative to sentencing factors applicable to Mr. Brown's situation as to whether the Court in its discretion should grant such a reduction.

I.  BACKGROUND

The Third Circuit has recently summarized the effect of the FSA and its concomitant Amended Sentencing Guidelines.

> In 2010, Congress passed the Fair Sentencing Act ("FSA") to "restore fairness to Federal cocaine sentencing" by changing the threshold quantities of crack cocaine that trigger mandatory minimum sentences. Pub. L. 111–220, § 2, 124 Stat. 2372, 2372 (2010). Pursuant to its authority to amend the Guidelines consistent with the FSA, *id.* § 8, the Commission promulgated Amendment 750. This amendment reduced the crack-related offense levels in § 2D1.1 of the Guidelines. The Commission made Amendment 750 retroactive by adding it to the list of amendments on the basis of which prisoners can move for reduced sentences. *See* U.S.S.G., App. C., amd. 759. That list appears in subsection (c) of the Commission's policy statement at § 1B1.10 of the Guidelines, which governs sentence reductions as a result of amendments to the Guidelines.

*United States v. Berberena*, 694 F.3d 514, 517-18 (3d Cir. 2012), *cert. denied*, 133 S. Ct. 1473 (U.S. 2013).

On January 3, 2012, Mr. Brown moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). That provision establishes an exception to the general rule that a court may not modify a term of imprisonment once it has been imposed, and provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). As a result of Amendment 750, Mr. Brown's range for Count I, the

2

crack offense, changed from 70-87 months to 46-57 months.[1] However, Count I was also subject to a statutory mandatory minimum sentence of 60 months. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2006). As noted above, the FSA raised the threshold quantities of crack cocaine that trigger mandatory minimum sentences. If Mr. Brown were sentenced today, he would no longer be subject to a mandatory minimum sentence for possessing 24 grams of crack, since the amount to trigger the mandatory minimum has been raised to 28 grams. *See id.* § 841(b)(1)(B)(iii) (2012); *see also United States v. Dorsey*, 132 S. Ct. 2321, 2329 (2012).

The parties do not dispute that the reduced Amended Guidelines range is retroactive for Mr. Brown, nor that § 3582(c)(2) is the proper vehicle for him to seek such a reduction. However, they do dispute whether the mandatory minimum under the FSA (or lack thereof) is retroactive for him. Mr. Brown argues that he should be able to take advantage of the newer mandatory minimum, and therefore that he is able to be sentenced at the bottom of his Amended Guideline range, 46 months; the Government argues that because the original mandatory minimum is still binding on Mr. Brown, its 60 months still serve as a floor for his modified sentence, and thus at best, he would be eligible for a reduction in his sentence from 70 months to 60 months. Second, the Government argues that even if the Court were to reduce Mr. Brown's sentence by 10 months at Count 1, such a reduction would be "potential[ly] futil[e]," because the Court would not have the authority to reduce Mr. Brown's concurrent 70-month sentence at Count 2. ECF No. 48 at 6-7. Finally, the Government argues that even if the Court were to reduce Mr. Brown's sentence by 10 months at Count 1/Count 2, if the Bureau of Prisons

---

[1] Mr. Brown was convicted of possessing 24 grams of crack, which in the original Guidelines resulted in a base offense level offense of 28, and under the Amended Guidelines results in a base offense level of 24. Taking into account the appropriate adjustments, Mr. Brown's Final Offense Level was originally 25, and would currently be 21, with a Criminal History of III under either Guidelines. *See* Presentence Investigation Report ¶¶ 16-22 ("PSI"). Both the Government and the Defendant agree 46-57 months would be the proper range under the Amended Guidelines, before consideration of any mandatory minimum. *See* ECF No. 43 at 6; ECF No. 44 at 3.

determines that Mr. Brown has already completed his 70 months for Count 1/Count 2, and is now serving his mandatorily consecutive 60 months for Count 3, the effect of the reduction would be "theoretical, since the reduction would be absorbed entirely by 10 months of the time Brown already has served." *Id.* at 7. These three issues are addressed in turn.

## II. ANALYSIS

### A. Retroactivity of the FSA Mandatory Minimum

When it comes to the retroactivity of the FSA, this Court does not write on a blank slate. In *United States v. Reevey*, 631 F.3d 110, 115 (3d Cir. 2010), our Court of Appeals held that the FSA's new mandatory minimum cannot be applied retroactively to defendants who, like Mr. Brown, were sentenced before the FSA's effective date, August 3, 2010. The following year, in *United States v. Dixon*, 648 F.3d 195, 199 (3d Cir. 2011) the court held that notwithstanding *Reevey*, defendants who committed their crimes *before* the FSA's effective date, but were sentenced *after* that date, could still take advantage of the FSA. Then, the following year, in *United States v. Dorsey*, 132 S. Ct. 2321, 2335 (2012), the Supreme Court resolved a circuit split and held that the FSA's new mandatory minimums apply to the post-Act sentencing of pre-Act offenders, confirming this Circuit's rule in *Dixon*. Lest there be any confusion about the vitality of *Reevey* in the wake of *Dorsey*, in *United States v. Turlington*, 696 F.3d 425, 438 (3d Cir. 2012), our Court of Appeals made very clear that *Dorsey* "does not address, or disturb, the basic principle [of *Reevey*] that the FSA does not apply to those defendants who were both convicted and sentenced prior to the effective date of the FSA." As a defendant who both committed his offense and was sentenced before the effective date of the FSA, Mr. Brown falls in the ambit of *Reevey*.

4

Defendant seeks to distinguish *Reevey* on the ground that it considered arguments made on direct appeal of a sentence, rather than in the context of a § 3582(c)(2) motion for a reduction of sentence. This argument has been consistently and squarely rejected by a host of cases from our Court of Appeals refusing to apply the FSA to individuals sentenced before its effective date and seeking relief under § 3582(c)(2). *See United States v. Pratt*, 12-3422, 2013 WL 864464 (3d Cir. Mar. 8, 2013) (unreported); *United States v. Curry*, 488 F. App'x 616 (3d Cir. 2012); *United States v. Bell*, 12-1105, 2012 WL 4503198 (3d Cir. Oct. 2, 2012) (unreported); *United States v. Crute*, 484 F. App'x 690 (3d Cir. 2012); *United States v. Surratt*, 453 F. App'x 202, (3d Cir. 2011); *United States v. Bullard*, 440 F. App'x 81, 83 (3d Cir. 2011); *see also United States v. Jefferson*, 437 F. App'x 194 (3d Cir. 2011).[2] To put it simply, the Third Circuit has said that *Reevey* controls.

As noted above, the parties do not dispute that in light of the retroactively-applied Amendment 750, Mr. Brown's new Guideline range would be 46-57 months. "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guidelines sentence." U.S.S.G. § 5G1.1(b) (2011). Therefore, because Mr. Brown is still subject to the pre-FSA mandatory minimum of 60 months, this Court has the authority to reduce his sentence from 70 months to 60 months, but no further, for at least Count 1.

---

[2] Additionally, Defendant's brief sought to distinguish *Surratt*, 453 F. App'x 202, on the grounds that the defendant there was not eligible for any Guidelines reduction at all because he had already been sentenced at the mandatory minimum, and therefore was not eligible for § 3582(c)(2) relief at all. *See* ECF No. 49 at 4-5. In effect, Defendant's argument is that because Mr. Brown was initially was sentenced *above* the mandatory minimum, he may now be sentenced *below* it, unlike a defendant who was initially sentenced at the mandatory minimum. The Court finds no merit in that purported distinction, for the simple reason that § 3582(c)(2) does not create an end run around the non-retroactivity of the FSA mandatory minimum for individuals in Mr. Brown's position, as the line of cases above makes clear. Moreover, the Third Circuit's since-decided opinion in *Bell*, 2012 WL 4503198, belies Defendant's argument: the panel affirmed a § 3582(c)(2) reduction from 105 months to 60 months based on the Amended Guidelines, but held that the pre-FSA mandatory minimum of 60 months still served as a floor for the defendant's reduced sentence. *See also United States v. Dunlap*, CRIM.A. 09-12, 2013 WL 675325 (W.D. Pa. Feb. 25, 2013) (same).

5

## B. Effect of the Concurrent § 922(g) Gun Charge

The government argues that while the Court can reduce Mr. Brown's sentence at Count 1, the crack offense, it does not have the authority to reduce Mr. Brown's concurrent sentence at Count 2, the § 922(g) felon in possession offense. The Court disagrees. As noted above, when the Guidelines range for Mr. Brown was initially calculated for Count 1, it produced a base level offense of 28. For Count 2, Mr. Brown's base offense level would have been 20. PSI ¶ 16. In Mr. Brown's PSI, the United States Probation Officer recommended that Counts 1 and 2 be grouped pursuant to U.S.S.G. § 3D1.2(c), which would result in Mr. Brown serving a concurrent sentence for Counts 1 and 2, with the sentence to be determined by the highest offense level of the counts in the Group, Count 1. *See id.*; U.S.S.G. § 3D1.3. Therefore, Mr. Brown's Guidelines range was calculated by Count 1, starting with a base level of 28, an adjusted offense level of 25, at a Criminal History of III, resulting in a sentence of 70-87 months for *both* Counts 1 and 2.[3] At sentencing, Judge Hardiman stated the following:

> "[The Court:] Under the sentencing guidelines, the guideline range at Count 1 is 70 to 87 months. At Count 2 is 70 to 87 months. At Count 3, 60 months to life. Based upon the review of your history, Mr. Brown, I am going to put you at the bottom of the guideline range because of the -- because of what you refer to as your past history, which is 70 months, that's the bottom of the guideline range. But, as I indicated before, at Count 3 there is another five years, another 60 months that's mandatory under the law."

Sentenc'g Hr'g Tr. 10:9-20, ECF No. 41. The Judgment indicates that Mr. Brown's term "consists of 70 months, at each of Counts 1 and 2, to be served concurrently. . ." ECF No. 31.

---

[3] Defendant notes that had Count 2 been used instead of Count 1 to calculate Mr. Brown's sentence, his Guidelines range would have been 30-37 months. ECF No. 49 at 7 n.1.

6

Judge Hardiman's sentence and judgment reflect the fact that Counts 1 and 2 were in fact grouped, and were determined by the higher level, Count 1.[4]

As noted above, a reduction under 18 U.S.C. §§ 3582(c)(2) is warranted for "a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." *Id.* (emphasis added). The question, therefore, is whether Mr. Brown's concurrent sentence at Count 2 was "based on" a later-reduced Guidelines range. It appears that relatively few cases have explicitly considered whether a concurrent sentence, grouped and imposed at the same time as a higher sentence that was subsequently reduced by amendment, may also be reduced accordingly. All that the Court has found, however, agree that it may. *See United States v. Tucker*, 862 F. Supp. 2d 715 (N.D. Ohio 2012) (crack and gun charges); *United States v. Jackson*, 1:08-CR-00315, 2012 WL 3044281 (N.D. Ohio July 25, 2012) (same); *United States v. Walker*, CRIM. 1:05CR94 LGJMR, 2010 WL 288781 (S.D. Miss. Jan. 21, 2010) (same); *United States v. Dewitt*, 294 F. App'x 585 (11th Cir. 2008) (crack and cocaine charges).

In *Tucker*, the defendant pled guilty to one count of possession with intent to distribute crack in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as here (with the addition of Count 3, the § 924(c)(1)(A) charge). 862 F. Supp. 2d at 716. The charges were grouped pursuant to § 3D1.2(c), and the defendant was sentenced at the higher level attributable to the crack offense, as here. *Id.* As here, the defendant sought a § 3582(c)(2) reduction of both the crack sentence under Amendment 510 and the concurrent gun sentence, with the government objecting to the latter. The court explained: "The government fails, however, to recognize that I based defendant's sentences for both [the gun and crack] offenses on the guidelines applicable to the

---

[4] The PSI also states exactly this at Paragraph 16. The Court, therefore, disagrees from the Government's representation that Counts 1 and 2 were not grouped. *See* ECF No. 48 at 7 n.3.

crack cocaine offense alone. . . . defendant's gun charge was based entirely on the crack cocaine guidelines, which have been amended." *Id.* at 718-19. Therefore, the court held that the defendant was entitled to relief under § 3582(c)(2) for the concurrent gun charge, as well as the crack charge that was the subject of the Guidelines amendment. *Id.*

Additionally, it is worth noting that recently, our Court of Appeals has at least twice affirmed district court orders reducing the sentences for *both* concurrent crack and gun charges pursuant to Amendment 750 and § 3582(c)(2) under facts nearly identical to those here. *See Berberena*, 694 F.3d at 519 ("Gayle's motion was granted in part only, resulting in a 170-month sentence at the bottom of the new range – 110 months for the § 922(g) and § 841(a) convictions, and 60 consecutive months for the § 924(c) conviction"); *Bell*, 2012 WL 4503198, at *2, *1 n.1 ("the District Court reduced Bell's sentence on counts one [§§ 841(a)(1) and (b)(1)(B)] and three [§ 922(g)] to 60 months, for a total sentence of 120 months, as the mandatory minimum of 60 months on count two [§ 924(c)(1)] remained unchanged"; noting that counts one and three were grouped under U.S.S.G. § 3D1.2(b)). While the Court of Appeals in neither opinion opined on the propriety of the reductions to the concurrent § 922(g) sentences along with the § 841 sentences, the Court finds its affirmances of the lower courts' orders in those two opinions, one of which is precedential, to carry substantial weight.

The Court agrees with and finds persuasive the reasoning of the *Tucker* case and the other cases cited above, and finds instructive our Court of Appeals' affirmance of lower courts in this Circuit that have done the same.[5] Based on the PSI, Judge Hardiman's sentencing statements,

---

[5] This conclusion is in accordance with the interpretation of "based on" expressed in the Third Circuit's pronouncements in *United States v. Thompson*, 682 F.3d 285, 290 (3d Cir. 2012) and *United States v. Mateo*, 560 F.3d 152 (3d Cir. 2009). The court in *Thompson* explained that *Mateo* "decided that 'the term 'sentencing range' clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus.' Therefore the salient sentencing range was the one 'actually used at sentencing.'" *Thompson*, 682 F.3d at 290 (quoting *Mateo*, 560 F.3d at 155) (internal citations omitted); *see also Freeman v. United States*, 131 S.Ct. 2685, 2695 (2011) (Sotomayor, J. concurring) (controlling

8

and the sentencing Judgment in this case, it is plain that Mr. Brown's § 922(g) sentence, which was grouped to the § 841 charge, was "based on" the higher § 841 guideline range, which has been subsequently reduced by Amendment 750. Therefore, on the specific facts here, this Court has the power under § 3582(c) to also reduce the concurrent sentence at Count 2 from 70 to 60 months.

### C. Effect of the Consecutive § 924(c) Charge

Mr. Brown was sentenced on September 1, 2005; therefore, at this point he has completed approximately 92 months of his total 130-month incarceration. Mr. Brown's judgment committed him to be imprisoned for "130 months. This term consists of 70 months [at Counts 1 and 2 concurrently] . . . ; and at Count 3, a term of 60 months, to be served consecutively to the 70 month term, for a total of 130 months." ECF No. 31. The next question before the Court is, if Mr. Brown has already completed the 70-month term of Counts 1 and 2, is it too late for any reduction to Mr. Brown's sentence, even if granted, to take effect?

There appear to be only two courts that have addressed this question head on, and they have arrived at different results. The court in *United States v. Yarber*, 00-CR-20031, 2008 WL 695362, at *4 (C.D. Ill. Mar. 12, 2008) held that where a defendant had already completed a § 841 term of imprisonment that was the subject of an amended guideline, and was serving a consecutive § 924(c) term, the defendant's "sentence [was] not subject to reduction under § 3582(c)(2)". (Additionally, the court noted that even if Defendant were eligible under § 3582(c)(2) for a reduction in his sentence, it would decline to grant that reduction after considering the § 3553(a) factors. *Id.*). The court in *United States v. Bolin*, 2:02-CR-176-1, 2008 WL 928397, at *3 (S.D. Ohio Apr. 7, 2008) confronted nearly identical facts and disagreed with

---

opinion). Here too, the guideline range for the crack offense was the one "actually used" in imposing the § 922(g) sentence.

9

*Yarber*, holding that "[t]he fact that defendant has already served 63 or more months of his combined sentence does not preclude a reduction under § 1B1.10 (a)(1)."

The *Bolin* court based its reasoning on several points. First, it noted that the word "consecutive" means not only "one right after the other" but also "having no interval or break; continuous," and observed that the underlying judgment did not specify which of the underlying crack possession count or the § 924(c) count was to be served first. *Id.* at *2. Second, it noted that "[t]he Attorney General, through the Bureau of Prisons, and not the district courts, administers the sentences of federal offenders," and in so doing, the Bureau "is required by law to treat multiple terms of imprisonment imposed at the same time as a 'single, aggregate term of imprisonment.'" *Id.* (quoting 18 U.S.C. § 3584(c)). Finally, the court looked to the language of U.S.S.G. § 1B1.10(a)(1), which applies where "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered," and observed that the language "a term of imprisonment" does not speak to any specific portion of a consecutive or continuous term of imprisonment. *Id.* It appears that other district courts, in accordance with *Bolin*, have resentenced defendants under § 3582(c)(2) to "time served" where the defendants had already served beyond the total amount of their aggregate sentences (comprising of two consecutive sentences), as subsequently reduced. *See, e.g., United States v. Bey*, CRIM.A. 94-20075-01, 2011 WL 6257752 (D. Kan. Dec. 15, 2011); *United States v. Byrd*, 2:97-CR-99-5, 2008 WL 2421644 (S.D. Ohio June 12, 2008).

Both parties here agree that *Bolin* is the better-reasoned opinion, ECF No. 48 at 4; ECF No. 49 at 13, and the Court, finding its reasoning persuasive, joins that consensus. However, the Government notes its concern that, because the Bureau of Prisons ("BOP") and not the Court administers prison sentences, if the BOP determines that Mr. Brown has already served his 70

10

month term for Counts 1 and 2, "the reduction would be absorbed entirely by 10 months of the time Brown already has served." ECF No. 48 at 7. The Court agrees that it has only the power to reduce, and not to administer, Mr. Brown's term of imprisonment. However, the Court makes the following observations. First, the prior judgment in this case, like the prior judgment in *Bolin*, makes no reference to the order in which Mr. Brown's two consecutive terms must be served, and indeed, such an order may be impossible to discern. Second, the Court observes that the BOP is mandated by Congress to administer consecutive sentences such as this as a "single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Third, Judge Hardiman's sentencing Judgment specifically states a "total term of: 130 months . . .", ECF No. 31 at 2, and at sentencing, Mr. Brown was "committed to the custody of the Bureau of Prisons to be imprisoned for a term of 130 months," ECF No. 41 at 10:25-11:1. Therefore, the Court notes that in its estimation, any reduction of Mr. Brown's term of imprisonment at Counts 1 and 2 from 70 to 60 months should therefore result in a reduction of his overall term from 130 to 120 months, and that it would be unsettling indeed for Mr. Brown to not receive the benefit of any resulting 10-month reduction which might be ordered by this Court.[6]

### D. Reduction Under 18 U.S.C. § 3553(a) Factors

Once a defendant meets the criteria of § 3582(c)(2), "the district court may exercise its discretion to determine whether a reduction of sentence is merited." *United States v. Savani*, 12-1034, 2013 WL 1767756, at *4 (3d Cir. Apr. 24, 2013) (precedential). In so doing, the court must "consider the factors set forth in section 3553(a) to the extent that they are applicable." 18

---

[6] It is also worth noting that the Supreme Court in *United States v. Gonzales*, 520 U.S. 1, 6 (1997) rejected the argument that a mandatorily-consecutive term of imprisonment under § 924(c) must be served *prior* to the start of the sentence for the underlying gun or drug offense, as the legislative history of that law might have indicated. In so doing, the Court cited 18 U.S.C. § 3584(c) and noted, "[a]s a practical matter, then, it makes no difference whether a court specifies the sequence in which each portion of an aggregate sentence must be served. We will not impose on sentencing courts new duties that, in view of other statutory commands, will be effectively meaningless." *Id.* at 8. This Court reads that language as further bolstering its conclusion that it would be "meaningless" to distinguish one consecutive term of imprisonment from the other under the facts presented here.
11

U.S.C. § 3582(c)(2). Because this case has been reassigned from the judge who initially imposed Mr. Brown's sentence, the Court believes that it is appropriate to adduce the position of the parties on whether a 10-month (or lesser) reduction would be in the interests of justice and in accordance with the § 3553(a) factors. Therefore, the Court will defer from ruling on Mr. Brown's motion until it has received such positions.

### III. CONCLUSION

The Court concludes that it has the authority, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a)(1), to reduce Mr. Brown's concurrent sentences at Counts 1 and 2 from 70 months to 60 months, but to go no further. For the time being, the Court defers the remainder of its ruling on Defendant's Motion. Counsel shall file, on or before May 15, 2013, memoranda in aid of sentencing as to whether a 10 month (or lesser) reduction of Mr. Brown's sentence is merited.[7]

An appropriate order will issue.

Mark R. Hornak
United States District Judge

Dated: April 29, 2013

cc: All counsel of record

---

[7] The Court would note that at the time of sentencing, in light of all the § 3553(a) factors, and with particular regard for Mr. Brown's medical condition, Judge Hardiman expressed an intent to sentence at the lowest end of the Guidelines Range. Further, the online "Inmate Locator, *available at* http://www.bop.gov/inmate_locator/, operated by the Bureau of Prisons reveals that Mr. Brown is currently in custody at the Federal Medical Center at Lexington, Kentucky. If the Court's observations in those regards are correct, they may counsel in favor of the full 10 month reduction.